UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                             Case No. 23-46569

RICHARD A. CLEMONS, and                            Chapter 7
DARCY L. CLEMONS
                                                   Judge Thomas J. Tucker
            Debtors.
_____/

**OPINION AND ORDER DENYING THE DEBTORS' MOTION
TO REOPEN THIS BANKRUPTCY CASE, DENYING THE DEBTORS' REQUEST TO
WAIVE THE FILING FEE FOR THE MOTION TO REOPEN, AND BARRING THE
DEBTORS FROM FILING ANOTHER BANKRUPTCY CASE UNLESS AND UNTIL
THE DEBTORS PAY IN FULL THE FILING FEE FOR THE MOTION TO REOPEN
THIS CASE**

This case is before the Court on a motion filed by the Debtors on October 22, 2024, entitled "Ex Parte Motion to Re-Open Case and Waive the Re-Opening Fee" (Docket # 28, the "Motion"). The Motion seeks an order reopening this closed bankruptcy case, to enable each of the Debtors to file a Financial Management Course Certificate ("Certificate") and then receive a discharge. The Motion also seeks a waiver of filing fee for the Motion.

This case was closed on October 24, 2023, without a discharge, due to the failures by both of the Debtors to timely file the Certificate. The Motion was filed just 2 days short of 12 months after this case was closed. For the following reasons, the Court will deny the Motion in its entirety.

**A. Background**

With the assistance of their attorney, the Debtors filed a voluntary petition for relief under Chapter 7 on July 27, 2023, commencing this case. That same day, the Clerk issued a notice that the first meeting of creditors would be held on August 24, 2023 at 10:00 a.m. (Docket # 5, the

"Notice"). The Notice was served on the Debtors' attorney by e-mail, through the Court's ECF system, and also by e-mail through the Bankruptcy Noticing Center, on July 27, 2023. (*See* Docket # 6 at pdf p. 3). On July 29, 2023, the Notice was served by the Bankruptcy Noticing Center directly on the Debtors, by first class mail. (*Id.*).

Under Fed. R. Bankr. P. 1007(b)(7)(A),[1] 1007(c),[2] and 4004(c)(1)(H),[3] and 11 U.S.C.

---

[1] Fed. R. Bankr. P. 1007(b)(7)(A) states the requirement for a debtor to file a Certificate. It provides:

> (7) Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition:
>
> > (A) An individual debtor in a chapter 7 . . . case shall file a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]

[2] Fed. R. Bankr. P. 1007(c) provides the time limit for filing the Certificate. It states, in relevant part:

> In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code[.]

[3] Fed. R. Bankr. P. 4004(c)(1)(H) states:

> (c) Grant of discharge
>
> > (1) In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if:
>
> . . .
>
> > (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management if required by Rule 1007(b)(7)[.]

§ 727(a)(11),[4] to obtain a discharge under 11 U.S.C. § 727, the Debtors were each required to file the Certificate "within 60 days after the first date set for the meeting of creditors," which meant that the deadline was October 23, 2023.[5]

The Debtors each failed to file the Certificate by the October 23, 2023 deadline, or at any time thereafter while the case remained open. The Debtors also each failed to file a motion to extend the deadline to file the Certificate.

On October 24, 2023, after the case had been fully administered, the case was closed without a discharge, due to the Debtors' failure to file the Certificate (Docket # 24). Notice of the Final Decree entered that day (Docket # 24) was served on the Debtors' attorney by e-mail on October 24, 2023, through the Court's ECF system. Notice that the Debtors' bankruptcy case had been closed without a discharge was served by the Bankruptcy Noticing Center by email on some of the creditors on October 24, 2023, and by mail on the Debtors and on the remainder of the creditors on October 26, 2023. (Docket # 25 at pdf pp. 2-3). That notice stated: "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor(s) did not file Official Form 423, Certification About a Financial

---

[4] Under Section 727(a)(11), the court may not grant a discharge to a debtor who has not filed a Certificate. It provides, in relevant part, that with exceptions not applicable here,:

> (a) The court shall grant the debtor a discharge, unless–
>
> . . .
>
> (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111[.]

[5] The Motion erroneously states that the deadline to file the Certificate was May 3, 2024. (Mot. at ¶ 2.)

3

Management Course." (*Id*. at pdf p. 1).

Two days short of 12 months after this case was closed, on October 22, 2024, the Debtors filed the Motion (Docket # 28). The Motion states, in relevant part:

> 3. On October 24, 2023, Debtors' case was dismissed[6] for failure to complete and file the Certifications About a Financial Management Course (Official Form 423).
>
> 4. Due to financial hardship and Debtor Darcy L. Clemons health issues relating to cancer treatment, the Debtors were not able to take and complete the Financial Management Course in a timely manner.

**B. Discussion**

The Motion does not allege or demonstrate a valid excuse, for either (1) each of the Debtors' failure to timely complete the financial management course and file the required Financial Management Course Certificate; or (2) the Debtors both waiting almost 12 months after this case was closed before they moved to reopen it.

Section 350(b) of the Bankruptcy Code, Federal Bankruptcy Rule 5010,[7] and Local Bankruptcy Rule 5010-1[8] govern motions to reopen a case for the purpose of filing a Financial Management Course Certificate. Bankruptcy Code Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the

---

[6] The Motion erroneously states that the case was dismissed. The Debtors' bankruptcy case was not dismissed. Rather, the Debtors' case was closed without a discharge.

[7] Bankruptcy Rule 5010 states, in relevant part, that "[a] case may be reopened on motion of the debtor . . . pursuant to §350(b) of the Code." Fed. R. Bankr. P. 5010.

[8] Local Bankruptcy Rule 5010-1(b) states, in relevant part that "[a]fter a case is closed, a debtor seeking to file . . a Certification About Financial Management Course . . . must file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

4

debtor, or for other cause." 11 U.S.C. § 350(b).  Here, the Debtors seeks to reopen the case, in essence, to move for an order granting the Debtors a retroactive extension of time to file the Financial Management Course Certificate, so the Debtors can obtain a discharge.

"It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted).  "To make the decision, courts may consider 'the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D. Ohio Aug. 22, 2016) (citation omitted).  The Debtors have the burden of establishing that "cause" exists to reopen this case.  *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may enlarge the time to file the statement required under Rule 1007(b)(7) [(the Financial Management Course Certificate)] . . . only to the extent and under the conditions stated in Rule 1007(c).  Fed. R. Bankr. P. 9006(b)(3).  Bankruptcy Rule 1007(c), in turn, permits a bankruptcy court "at any time and in its discretion, [to] enlarge the time to file the statement required by subdivision (b)(7) [of Bankruptcy Rule 1007(c) (namely, a Financial Management Course Certificate)]."  Fed. R. Bankr. P. 1007(c).  However, with an exception not applicable here, any such extension "may be granted only on motion **for cause shown** and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct."  Fed. R. Bankr. P. 1007(c) (emphasis added).

Several reported bankruptcy cases, including cases decided by the undersigned judge, have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a

5

Financial Management Course Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the debtor had not completed a post-petition financial management course, and filed the motion to reopen and a Financial Management Course Certificate, all within a relatively short time after the case was closed. The four factors that these cases have considered are: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *See*, *e.g.*, *In re Barrett,* 569 B.R. 687, 690-92 (Bankr. E.D. Mich. 2017) (applying the 4-part test and denying a debtor's motion to reopen to file a Financial Management Course Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and the Financial Management Course Certificate until more than 8 years after the case was closed); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (denying a debtor's motion to reopen to file a Financial Management Course Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and the Financial Management Course Certificate until more than 7 years after the case was closed); *In re McGuiness*, No. 08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I. Oct. 22, 2015) (more than 7 year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (more than 4 year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4 (Bankr. N.D. Ohio April 7, 2016) (approximately 7 year delay).

This Court has denied motions to reopen in numerous cases, where the delay ranged from 10 months to more than 11 and a half years. *See In re Gray,* 661 B.R. 570 (Bankr. E.D. Mich. 2024) (delay of more than 15 months); *In re Parker,* 659 B.R. 872 (Bankr. E.D. Mich. 2024)

6

(delay of more than 17 months); *In re Nasralla,* 653 B.R. 247 (Bankr. E.D. Mich. 2023) (Chapter 13 case; delay of six and a half years); *In re Brown*, 651 B.R. 692 (Bankr. E.D. Mich. 2023) (delay of more than a year); *In re Davenport*, 650 B.R. 861 (Bankr. E.D. Mich. 2023) (delay of more than 11 months); *In re Odoms.* 649 B.R. 11 (Bankr. E.D. Mich. 2023) (delay of more than two years); *In re Johnson*, 643 B.R. 190 (Bankr. E.D. Mich. 2022) (delay of more than a year); *In re Flake*, 642 B.R. 261 (Bankr. E.D. Mich. 2022) (Chapter 13 case; delay of more than 3 years); *In re Keller*, 638 B.R. 582 (Bankr. E.D. Mich. 2022) (delay of more than 21 months); *In re Page*, 637 B.R. 1 (Bankr. E.D. Mich. 2022) (delay of more than 19 months); *In re Williams*, 636 B.R. 484 (Bankr. E.D. Mich. 2022) (delay of more than 20 months); *In re Lewis*, 635 B.R. 157 (Bankr. E.D. Mich. 2022) (Chapter 13 case) (delay of more than two years); *In re Motley*, 635 B.R. 150 (Bankr. E.D. Mich. Jan. 14, 2022) (delay of almost 3 years); *In re Brown*, 634 B.R. 748 (Bankr. E.D. Mich. 2022) (delay of 15 months); *In re Rivera*, 628 B.R. 309 (Bankr. E.D. Mich. 2021) (delay of 2 years and 9 months)*; In re Szymanski,* 625 B.R. 875 (Bankr. E.D. Mich. 2021) (delay of more than 18 months); *In re Hendricks*, 625 B.R. 694 (Bankr. E.D. Mich. 2021) (delay of more than 14 months); *In re Smith,* 625 B.R. 41 (Bankr. E.D. Mich. 2021) (delay of almost 17 months); *In re Lemon*, 625 B.R. 47 (Bankruptcy E.D. Mich. 2021) (delay of 15 months); *In re Aziz*, 622 B.R. 694 (Bankr. E.D. Mich. 2020) (delay of four years and eight months); *In re Smith*, 620 B.R. 888 (Bankr. E.D. Mich. 2020)(delay of two and a half years); *In re Suell*, 619 B.R. 642 (Bankr. E.D. Mich. 2020) (delay of almost two years); *In re Raza*, 617 B.R. 290 (Bankr. E.D. Mich. 2020) (delay of 11 and a half years); *In re Locklear*, 613 B.R. 108 (Bankr. E.D. Mich. 2020) (delay of nearly 12 months); *In re Jackson*, 613 B.R. 113 (Bankr. E.D. Mich. 2020) (delay of 13 months); *In re Szczepanski,* 596 B.R. 859 (Bankr. E.D. Mich. 2019) (delay of more than 15

months); *In re Lockhart*, 582 B.R. 1 (Bankr. E.D. Mich. 2018) (delay of more than 1 year); *Barrett,* 569 B.R. at 688 (delay of more than 8 years); *In re Kessler*, 588 B.R. 191 (Bankr. E.D. Mich. 2018) (delay of 5 years); *In re Moore*, 591 B.R. 680 (Bankr. E.D. Mich. 2018) (delay of 10 months); *In re Garnett*, 579 B.R. 818, 823 (Bankr. E.D. Mich. 2018) (delay of more than 5 and one half years); *In re Rondeau*, 574 B.R. 824 (Bankr. E.D. Mich. 2017) (delay of more than 3 years); *In re Wilson*, 575 B.R. 783 (Bankr. E.D. Mich. 2017) (delay of almost 15 months); *In re Whitaker*, 574 B.R. 819 (Bankr. E.D. Mich 2017) (delay of 11 months); *In re Bragg*, 577 B.R. 265 (Bankr. E.D. Mich. 2017) (delay of almost 11 months).

The Court will apply the four-factor approach in this case. The Court finds that the Debtors have not shown either cause to reopen this case, or cause to grant either of the Debtors a retroactive extension of the deadline to file the Financial Management Course Certificate.

### *Factor 1: whether there is a reasonable explanation for the failure to comply*

The Motion does not demonstrate a reasonable explanation or a valid excuse, (1) why the Debtors each failed to timely complete the financial management course and file the required Financial Management Course Certificate, by the October 23, 2023 deadline; or (2) why the Debtors both waited almost 12 months after this case was closed on October 24, 2023 before they moved to reopen the case. This factor weighs against granting the Motion.

The Motion states that the Debtors did not "complete and file the Certifications About a Financial Management Course (Official Form 423)" and that "[d]ue to financial hardship and Debtor Darcy L. Clemons health issues relating to cancer treatment, the Debtors were not able to take and complete the Financial Management Course in a timely manner." (Mot. at ¶¶ 3-4.) But neither of these stated reasons is a valid excuse, for the Debtors' failure to timely complete the

financial management course and file the Certificate. Most, if not all, debtors who file for bankruptcy do so because they are experiencing financial hardship. And there is also nothing unusual about a bankruptcy debtor suffering from a health condition. Neither their financial difficulties, nor the Debtor Darcy Clemon's health condition, prevented the Debtors from hiring an attorney, providing their attorney with the necessary financial information to complete their schedules, and filing for bankruptcy. "[O]nce [debtors] . . . have invoked the benefits and protections of the Bankruptcy Code (including the automatic stay), they then have an obligation to comply with the Bankruptcy Code's requirements that go along with those benefits and protections." *In re Milberg*, 655 B.R. 825, 831 (Bankr. S.D. Fla. 2023). The Motion does not explain or show why either of the stated reasons prevented the Debtors from complying with the financial management requirement for obtaining a discharge. Although the Court excused the Debtor Darcy Clemon's appearance at the 341 meeting of creditors due to her overnight admission into the hospital (*see* Docket ## 15, 18, 22), there is no allegation or evidence in the record that any hospitalization prevented her from taking the personal financial management course at some time during the 88 days that this bankruptcy case was pending before the October 23, 2023 deadline. The Court notes that such course can be completed entirely online. The Court notes further that the Debtors never filed a motion to excuse them from the financial management course requirement, or to seek an extension of the deadline. The Motion does not state that the Debtors' attorney did not tell the Debtors about the requirement to file the Certificate in order to obtain a discharge, or that the Debtors did not otherwise know about this requirement and the deadline to file the Certificate. Even if the Debtors were to allege this, this allegation is not supported by any evidence (*e.g.*, an affidavit of the Debtors or of the Debtors'

9

attorney). And in fact the evidence in the record shows that the Debtors and their attorney knew about the requirement and the deadline to file the Certificate.

The Debtors received ample advance notice of the requirement to file the Financial Management Course Certificate to obtain a discharge. Although not required to do so, the Clerk of this Court reminded the Debtors and their attorney of the requirement to file the Financial Management Course Certificate, and the deadline for doing so, in a notice filed on September 12, 2023. (Docket # 19). The notice was served on the Debtors' attorney by e-mail on September 12, 2023 through the Court's ECF system, and the Bankruptcy Noticing Center sent the notice to the Debtors by first class mail on September 14, 2023. (*See* Docket # 20 at pdf p. 2). The notice stated:

> **NOTICE OF REQUIREMENT TO FILE A CERTIFICATION ABOUT A FINANCIAL MANAGEMENT COURSE**
>
> Notice is hereby given that, subject to limited exceptions, a debtor must complete an instructional course in personal financial management in order to receive a discharge. Pursuant to Rule 1007(b)(7) of the Federal Rules of Bankruptcy Procedure, the debtor(s) must complete and file a **Certification About a Financial Management Course (Official Form 423)** as described in 11 U.S.C. § 111.
>
> Debtor(s) and/or debtor(s)' attorney is/are hereby notified that **Official Form 423** must be filed before a discharge can be entered. Debtor(s) and/or debtor(s)' attorney is/are hereby notified that in a chapter 7 case the debtor(s) must file **Official Form 423** within 60 days after the first date set for the meeting of creditors under § 341 of the Code.
>
> **Failure to file the certification will result in the case being closed without an entry of discharge**. If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the **Official Form 423**, the debtor(s) must pay the full

reopening fee due for filing the motion.

(Docket # 19) (footnote omitted) (bold in original).

Even assuming that the Debtors did not know, or that they forgot, that they had to file the Financial Management Course Certificate to obtain a discharge, they cannot reasonably and credibly allege that they did not know that this case was closed without a discharge. The Debtors and their attorney both received the Notice of the Final Decree in October 2023, which clearly stated: "Case Closed Without Discharge as to Both Debtors . . . Debtor(s) has not filed a Financial Management Course Certificate proving compliance with the required instructional course requirement for discharge." (Docket # 24.)

The Motion also does not explain why the Debtors both waited almost 12 months after the case was closed to move to reopen the case. As already stated, the Debtors were informed, by the notice described above, which was mailed to them on October 26, 2023, that this case had been closed without a discharge, and why it had been so closed.[9] Yet the Debtors did nothing to try to rectify this for almost a year afterwards. The Motion alleges no reason whatsoever, let alone a valid excuse, for such a long delay by the Debtors in moving to reopen this case.

*Factor 2: whether the request was timely*

The delay of almost 12 months in the Debtors moving to reopen this case is far too long, Such long delays frustrate the goals of the legislation which added the financial management course requirement as a condition for obtaining a Chapter 7 discharge. In *Chrisman*, the court explained:

---

[9] As noted above, the Motion does not allege that the Debtors did not receive this Notice. And there is no indication in the record that the mail was returned as undelivered.

> Congress added participation in a post-petition financial management instructional course as a condition to obtaining a Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. 11 U.S.C. § 727(a)(11). One of the goals of the legislation and this requirement was to restore individual financial responsibility to the bankruptcy system.
>
> . . . .
>
> "The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification. Justification supports the goals of not only the bankruptcy system, but also the purpose of the financial management course. Allowing a debtor to take the financial management course years after its target completion provides no educational benefit to the debtor for the intervening years and denigrates its purpose. Moreover, it maligns the integrity of the system and its fairness to all parties....It is unfair to creditors to allow a debtor to avoid the responsibilities established by the bankruptcy code and rules, only to later want to fulfill those requirements when faced with a resulting unpleasantness."

*Chrisman*, 2016 WL 4447251, at *1, *2 (quoting *Heinbuch*, 2016 WL 1417913, at *2 ). In *Chrisman*, "neither the instructional component nor the paperwork component were timely accomplished," and the court found that "[t]he Congressional purposes in adding the post-petition financial management instructional requirement to the Bankruptcy Code as a condition of discharge [had] been completely stymied." *Id*. at *3.

Here, as in *Chrisman*, the Debtors did not timely complete either the instructional component or the paperwork component of the financial management instructional requirement. The Court finds that the Congressional purposes in adding the post-petition financial management instructional requirement have been stymied in this case. The magnitude of the Debtors' delay in completing the financial management course and moving to reopen this case is significant, and this factor strongly weighs against granting the Motion.

12

*Factor 3: whether fault lies with counsel*

The Debtors have been represented by counsel in this case at all times. The Debtors do not allege in the Motion that their failure to timely complete the Financial Management Course and to file a Financial Management Course Certificate was the fault of their attorney. Even assuming that the Debtors' attorney failed to inform them of the financial course requirement — and there is no evidence in the record that would support such a conclusion — this would not be a valid excuse for the Debtors failing to timely take the financial management course and file the Certificate, in light of the ample notice provided personally to the Debtors of these requirements to obtain a discharge. This factor weighs against granting the Motion.

*Factor 4: whether creditors are prejudiced*

In *Chrisman*, the court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case is shorter than the delay in *Chrisman*, but it is still long. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a long delay. This factor, therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this case. The Debtors have failed to demonstrate cause to reopen this case.

The Debtors also have failed to demonstrate sufficient cause for the Court to waive the $260.00 filing fee for the Motion. The Debtors must pay that filing fee.

Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 28) is denied, in its entirety, as to each of the Debtors.

2. The Debtors' request to waive the filing fee for the Motion is denied, as to each of the Debtors.

3. The Debtors are each barred from filing any new case under the Bankruptcy Code, and the Clerk is directed not to accept for filing any further bankruptcy petition(s) by or on behalf of either of the Debtors, unless and until the Debtors first pay in full the $260.00 filing fee for the Motion.

**Signed on November 1, 2024**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**